TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Tracy Choubmesser*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Choubmesser, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Bureau of Medical Economics, Inc., an Arizona corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, TRACY CHOUBMESSER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Bureau of Medical Economics, which is an Arizona corporation that maintains its registered agent in the City of Phoenix, Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff regarding a medical debt with account number 71719** in the amount of $429.00 (the "Debt").

6. On or about May 15, 2017, Ms. Choubmesser obtained her credit files and noticed that Defendant was reporting the alleged Debt.

7. On or about May 15, 2017, Ms. Choubmesser's friend, Gary Nitzkin, called Defendant to settle the alleged Debt.  Mr. Nitzkin called Defendant and spoke with Robert.  Robert did not advise Mr. Nitzkin that Defendant was attempting to collect a debt or that any information obtained would be used for that purpose, nor did Robert ask Mr. Nitzkin if he had authorization from Ms. Choubmesser to discuss the account.

8. Although Robert would not discuss a reduction or a payment plan unless Ms. Choubmesser was present, Robert said that he would take Mr. Nitzkin's payment information if he wanted to pay the debt in full.

9. Mr. Nitzkin offered Robert his credit card to pay the balance in full if Robert agreed to delete the trade line.  Robert agreed and immediately sent Mr. Nitzkin a credit card receipt for payment of the debt and showing a $4.50 charge for convenience.

10. Robert agreed to update the trade line in 28-24 hours as "paid in full."  Further, Robert agreed to delete the collection item from Ms. Choubmesser's credit report in the next one to two weeks.  Mr. Nitzkin sent Robert a letter, confirming the agreement.

11. On or about June 2, 2017, Ms. Choubmesser obtained her Trans Union credit file and noticed that Defendant continued to report the alleged Debt with a balance and past due amount of $492.00.

12. On or about June 12, 2017, Mr. Nitzkin sent Robert at Bureau of Medical Economics a letter, stating that he had not honored their agreement and that Defendant continued to report the alleged Debt on Ms. Choubmesser's credit files.

13. On or about June 16, 2017, Mr. Nitzkin received a call from one of Defendant's representatives.  The representative told Mr. Nitzkin that it sent the credit bureaus a deletion request on June 3, 2017, and that the credit bureaus were delaying the deletion of the trade line from Ms. Choubmesser's credit files.

14. Ms. Choubmesser has suffered pecuniary and emotional damages as a result of Defendant's actions.

## COUNT I-VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

4

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(11) by failing to disclose that the communication is from a debt collector.  Defendant violated this provision by failing to advise Mr. Nitzkin that it is a debt collector; and

   b. 15 U.S.C. §1692(b) by communicating with a third party without permission from the consumer.  Defendant violated this provision by speaking with Mr. Nitzkin without authorization from Ms. Choubmesser.

20. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

5

## **JURY DEMAND**

Plaintiffs hereby demands a trial by Jury.

DATED: June 30, 2017

By: <u>  /s/  *Trinette G. Kent*    </u>
Trinette G. Kent
Attorneys for Plaintiff,
Tracy Choubmesser